UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| EDWARD CHAMBERS, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAKTRONICS INC., et al.,<br><br>            Defendants. | ) Civil Action No. 4:08-cv-04176-LLP<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ROBERT MAGGS, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAKTRONICS INC., et al.,<br><br>            Defendants. | ) Civil Acton No. 4:08-cv-04182-KES<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS AND THE URBEN FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

| | |
|---|---|
| SHERMAN LEE, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) vs. ) ) DAKTRONICS INC., et al., ) ) ) Defendants. ) ) ) | Civil Action No. 4:08-cv-04188-KES<br><br><u>CLASS ACTION</u> |

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least three-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Daktronics, Inc. ("Daktronics" or the "Company") securities between November 15, 2006 and April 5, 2007, inclusive (the "Class Period"), and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Construction Laborers Pension Trust of Greater St. Louis ("St. Louis Construction Laborers") and class members Noel Urben and Trisha Urben, Custodian for Khylie Urben UTMA CT and Derek Urben UTMA CT (collectively, the "Urben Family") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint St. Louis Construction Laborers and the Urben Family as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve St. Louis Construction Laborers and the Urben Family's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Dougherty & Dougherty, LLP ("Dougherty & Dougherty") to serve as Liaison Counsel.

This motion is made on the grounds that St. Louis Construction Laborers and the Urben Family are the most adequate Plaintiffs, as defined by the PSLRA. St. Louis Construction Laborers is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. See *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, St. Louis Construction Laborers is accustomed to acting as a fiduciary and its experience in

legal and financial matters will substantially benefit the Class. In addition, individual investors with large amounts at stake, such as the Urben Family, are highly motivated to vigorously represent the interests of the Class.

As evidenced by the attached certifications, St. Louis Construction Laborers and the Urben Family have suffered a substantial, collective loss of $504,250.89 in connection with their purchases of Daktronics securities during the Class Period. *See* Dougherty Decl., Ex. B[1].   To the best of our knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions.  In addition, St. Louis Construction Laborers and the Urben Family, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND[2]

Daktronics engages in the design, development, marketing, and support of visual display solutions for sports, commercial, and transportation applications.

The complaint charges Daktronics and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that the representations contained in Daktronics' press releases, SEC filings, conference calls and presentations during the Class Period were materially false and misleading when made because they failed to disclose that: (i) the Company was experiencing softness in its digital billboard and sports markets and was not performing according to

---

[1]     References to the "Dougherty Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Timothy J. Dougherty, dated January 6, 2009 and submitted herewith.

[2]     These facts are drawn from the allegations in the complaint captioned *Edward Chambers vs. Daktronics, Inc., et al.*, Civil Action No. 4:08-cv-04176-LLP (the "*Chambers* Action").

internal expectations; (ii) several of the Company's large orders were being delayed; (iii) the Company was unable to control its operating expenses; and (iv) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and revenue growth rate.

On April 5, 2007, after the markets closed, the Company revised its fiscal fourth quarter 2007 estimates and gave its initial order growth guidance for fiscal year 2008. In reaction to this news, the price of Daktronics common stock fell $5.78 per share, or approximately 20%, to close at $22.13 per share, on heavy trading volume.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of Daktronics securities for alleged violations of the Exchange Act during the relevant time period. The Actions name virtually the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Daktronics securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Daktronics securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.  St. Louis Construction Laborers and the Urben Family Should Be Appointed Lead Plaintiffs

#### 1.  The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Chambers* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business oriented newswire service, on November 7, 2008. *See* Dougherty Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. St. Louis Construction Laborers and the Urben Family Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a. St. Louis Construction Laborers and the Urben Family Have Complied With the Exchange Act and Should Be Appointed Lead Plaintiffs

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on January 6, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 7, 2008), St. Louis Construction Laborers and the Urben Family timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

St. Louis Construction Laborers and the Urben Family have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the Class. *See* Dougherty Decl., Ex. C. In addition, St. Louis Construction Laborers and the Urben Family have selected and retained competent counsel to represent them and the Class. *See* Dougherty Decl., Ex. D-E. Accordingly, St. Louis Construction Laborers and the Urben Family have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead and Liaison Counsel, as set forth herein, considered and approved by the Court.

#### b. St. Louis Construction Laborers and the Urben Family Are Precisely the Type of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately

- 5 -

benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. St. Louis Construction Laborers and the Urben Family, as an institutional investor and class members with large amounts of money at stake, respectively, are precisely the type of Lead Plaintiffs Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that the combination of institutional investors and significant individual investors "[a]llow[s] for diverse representation," and "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants.").

### c. St. Louis Construction Laborers and the Urben Family Have the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Dougherty Decl., Ex. C., St. Louis Construction Laborers and the Urben Family purchased Daktronics securities in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, St. Louis Construction Laborers and the Urben Family incurred a substantial, collective loss of $504,250.89 on their transactions in Daktronics securities. St. Louis Construction Laborers and the Urben Family thus have a significant financial interest in this case. Therefore, St. Louis Construction Laborers and the Urben Family

satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. St. Louis Construction Laborers and the Urben Family Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). St. Louis Construction Laborers and the Urben Family satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

St. Louis Construction Laborers and the Urben Family satisfy this requirement because, just like all other Class members, they: (1) purchased Daktronics securities during the Class Period; (2) purchased Daktronics securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, St. Louis Construction Laborers and the Urben Family's claims are typical of those of other Class members since their claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of St. Louis Construction Laborers and the Urben Family to represent the Class to the existence of any conflicts between the interests of St. Louis Construction Laborers and the Urben Family and the members of the Class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, St. Louis Construction Laborers and the Urben Family are adequate representatives of the Class. As evidenced by the injuries suffered by St. Louis Construction Laborers and the Urben Family, who purchased Daktronics securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of St. Louis Construction Laborers and the Urben Family are clearly aligned with the members of the Class, and there is no evidence of any antagonism between St. Louis Construction Laborers and the Urben Family's interests and those of the other members of the Class. Further, St. Louis Construction Laborers and the Urben Family have taken significant steps that demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, St. Louis Construction Laborers and the Urben Family's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, St. Louis Construction Laborers and the Urben Family *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve St. Louis Construction Laborers and the Urben Family's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, St. Louis Construction Laborers and the Urben Family have selected the law firm of Coughlin Stoia as Lead Counsel and the law firm of Dougherty & Dougherty as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Dougherty Decl., Ex. D. Accordingly, the Court should approve St. Louis Construction Laborers and the Urben Family's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, St. Louis Construction Laborers and the Urben Family respectfully request that the Court: (i) consolidate the Actions; (ii) appoint St. Louis Construction

Laborers and the Urben Family as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  January 6, 2009                      DOUGHERTY & DOUGHERTY, LLP
PATRICK T. DOUGHERTY
TIMOTHY J. DOUGHERTY


                                       */s/ Timothy J. Dougherty*
                                        TIMOTHY J. DOUGHERTY

100 North Phillips Avenue, Suite 402
P.O. Box 2376
Sioux Falls, SD  57101-2376
Telephone:  605/335-8586
605/331-2519 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
JOHN J. RICE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Timothy J. Dougherty, hereby certify that on January 6, 2009, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead and Liaison Counsel;
>
> Memorandum in Support of the Motion of Construction Laborers Pension Trust of Greater St. Louis and the Urben Family for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead and Liaison Counsel; and
>
> Declaration of Timothy J. Dougherty in Support of the Motion of Construction Laborers Pension Trust of Greater St. Louis and the Urben Family for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead and Liaison Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Timothy J. Dougherty*
Timothy J. Dougherty

DAKTRONICS
Service List - 1/5/2009    (08-0223)
Page 1 of 2

**Counsel For Defendant(s)**

Roberto A. Lange
Davenport, Evans, Hurwitz & Smith, L.L.P.
206 West 14th Street, P.O. Box 1030
Sioux Falls, SD  57101-1030
   605/336-2880
   605/335-3639 (Fax)


**Counsel For Plaintiff(s)**

D. Seamus Kaskela
David M. Promisloff
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Darren J. Robbins
John J. Rice
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423 (Fax)

Patrick T. Dougherty
Timothy J. Dougherty
Dougherty & Dougherty, LLP
100 North Phillips Avenue, Suite 705
P.O. Box 2376
Sioux Falls, SD  57101-2376
   605/335-8586
   605/331-2519 (Fax)

Robert J. Dyer III
Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO  80203-1764
   303/861-1764
   303/395-0393 (Fax)

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

DAKTRONICS
Service List - 1/5/2009    (08-0223)
Page 2 of 2

Thomas K. Wilka
Hagen, Wilka & Archer, LLP
600 S. Main Avenue, Suite 102
Sioux Falls, SD  57101
  605/334-0005
  605/334-4814 (Fax)

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA  30338
  770/392-0090
  770/392-0029 (Fax)

Scott N. Heidepriem
Johnson, Heidepriem, Miher, Marlow & Janklow LLP
431 North Phillips Avenue
Sioux Falls, SD  57104
  605/338-4304
  605/338-4162 (Fax)

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020
  215/638-4847
  215/638-4867 (Fax)